UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                               Case No. 2:11-cr-230
                                                      JUDGE GREGORY L. FROST

     v.

JEROME RABINOWITZ,

      Defendant.

## ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion *in limine* and notice of intent to offer evidence under Federal Rule of Civil Procedure 404(b) (ECF No. 45) filed by Plaintiff, the United States of America, and a memorandum in opposition (ECF No. 48) filed by Defendant, Jerome Rabinowitz; and

(2) a motion *in limine* (ECF No. 46) filed by Defendant and a memorandum in opposition (ECF No. 47) filed by Plaintiff.

For the reasons that follow, this Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion *in limine* (ECF No. 45) and **GRANTS** Defendant's motion *in limine* (ECF No. 46).

### I. Standard

A motion *in limine* is a pre-trial mechanism by which this Court can give the parties advance notice of the evidence upon which they may or may not rely to prove their theories of the case at trial. To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469

1

U.S. 38, 41 n.4 (1984).  Any ruling on a motion *in limine*, however, is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court, and the district court may change its ruling where sufficient facts have developed that warrant the change."  *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  Therefore, this Court will entertain objections on individual proffers of evidence as they arise at trial, even though the proffered evidence falls within the scope of a denied motion *in limine*.  *See id.*; *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce*, 469 U.S. at 41)).

## II.  Discussion

### A.  Plaintiff's motion *in limine* (ECF No. 45)

Plaintiff argues in its motion *in limine* that this Court should preclude Defendant from introducing evidence or argument on a number of topics or issues.  Plaintiff also asks the Court to permit it to introduce evidence and argument on other issues.  This Court shall address each category of evidence in turn.

#### *1. Preclusion*

Plaintiff argues that the Court should prohibit Defendant from presenting evidence and argument that suggests that he should not be criminally liable because he did not understand the legal obligations the Department of Defense requirements placed upon him.  Defendant agrees that ignorance of the law is not a permissible affirmative defense, but suggests that because his knowledge and intent are elements at issue in this case, he can permissibly introduce evidence related to these issues.  Invoking a right to assert "good-faith claims of belief," Defendant appears to assert that he in fact intends to introduce evidence and argument that relate to this defense.  It thus appears to this Court that Plaintiff's request to preclude a simple ignorance of

the law strategy is moot. To the extent that Plaintiff has more specific concerns as to whether Defendant runs afoul of what he can and cannot introduce or argue at trial in regard to his knowledge and intent, Plaintiff can raise those concerns at trial when the circumstances will present a less abstract context than that found in the relatively Spartan motion *in limine* briefing. Of course, Plaintiff may or may not seek to prevent Defendant from overreaching, as Defendant may in doing so open the door to the admission of evidence that would otherwise be excluded.

Plaintiff next asks this Court to preclude Defendant from introducing evidence or argument to promote jury nullification. This request targets Defendant's medical conditions and history, which have consumed no small portion of this Court's time in the weeks leading up to trial. In response, Defendant offers that he "has no intention of presenting evidence or arguments simply for the purpose of swaying the Jurors to disregard potential facts adduced at trial and any instructions by the Court in order to secure an acquittal on sympathy." (ECF No. 48, at 3.) Defendant's use of "simply" is ambiguous. It could be read as a wholesale disavowal of introducing evidence or argument that could lead to jury nullification or it could be read to suggest a dual purpose for introducing such evidence and argument in an attempt to get in through the back door what might be prohibited from coming in through the front door.

Given that neither side in this case has addressed the specifics of any probable testimony but has only addressed the general nature of potential testimony in the briefing, this Court cannot say that there is a basis to limit or preclude Defendant from introducing any specific evidence at this stage. What the briefing enables the Court to say is that because it does not appear that Defendant seeks to introduce his health issues, the health-related aspect of Plaintiff's motion is apparently moot.

There is a larger issue implicated in the parties' briefing. Of course Defendant cannot introduce his purported health issues in any attempt to obtain jury nullification. The parties should note that Defendant's health is of no relevance to this case unless and until Defendant can convince this Court otherwise. What this means is that if Defendant seeks to introduce his health issues in any way for any purpose, he must first make a proffer outside the hearing of the jury, at which time Plaintiff can assert more specific attacks targeting the particular evidence and testimony involved. This Court would then rule on the admissibility of the evidence.

### 2. Admission

Plaintiff also seeks *in limine* rulings on its ability to introduce Defendant's 1985 indictment and 1990 conviction. To support its requests, Plaintiff argues that such potential evidence speaks to numerous issues related to Defendant's knowledge and intent. Plaintiff recognizes, however, the potentially contingent nature the indictment and prior conviction hold in this case, stating that it concedes that the indictment and conviction may be inadmissable unless Defendant opens the door with inconsistent testimony. Notably, Plaintiff states that it does not intend to introduce evidence of either the 1985 indictment or the 1990 conviction in its case-in-chief.

Once again, the essentially vague facts before this Court hamper presenting a comprehensive ruling. Much of what could happen depends upon what strategy Defendant pursues. At this juncture, the Court is essentially able only to set forth some general comments to provide guidance.

There can of course be no blanket endorsement of admissibility for two basic reasons.

First, even assuming *arguendo* that the evidence at issue may be of sufficient relevance

under Federal Rule of Evidence 401 to be admissible pursuant to Federal Rule of Evidence 402, this is the rare case in which the risk of unfair prejudice or risk of confusion does substantially outweigh the evidence's substantial probative value under Federal Rule of Evidence 403. Introducing the 1985 indictment into the trial would inject prejudice into the trial that would outweigh any limited probative value the document or its contents could present. Rule 403 considerations also resolve the debate on the 1990 conviction in favor of exclusion unless and until Defendant renders the value of the conviction more probative than prejudicial.

Depending on Defendant's case and the circumstances behind any argument for admission of the conviction, this Court might at some point permit introduction of the 1990 conviction but not the 1985 indictment. For example, if Plaintiff offers impeachment as the grounds for admission, the Rule 609(b) time limit on prior convictions that presumptively supports exclusion of Defendant's 1990 conviction might yield to the interests-of-justice exception. Other purposes beyond impeachment could also lead to the admission of the prior conviction.

Second, aside from the unfair prejudice issue, there is also the threshold issue of relevance. Many of the proffered reasons for admitting the 1985 indictment and 1990 conviction simply fall outside the scope of this case. This is ultimately a case about fraudulent conduct. Neither the reasons behind the Department of Defense requirements nor any potential ramifications of the alleged fraud, however serious, can inform whether Defendant did that which he was not permitted to do. Instead, all that evidence of the end uses of the parts and such could do is divert the jury from its legitimate task, conflate issues unnecessarily, and risk inflaming the jury.

For purposes of this case, it does not matter whether the Department of Defense requirements are sound, necessary, and prudent, just as it does not matter whether the unlawful violation of those requirements is of potentially grave or little actual consequence. What matters is *what* the requirements are, not *why* they are, and *whether* Defendant unlawfully violated them, not what the *effects* of any violation might be. It also does not matter whether Plaintiff did or did not possess knowledge of the potential end uses of the parts involved in this case. Plaintiff posits that Defendant's 1985 indictment and 1990 conviction establish that he possessed knowledge of the end uses for roughly twenty years. This may or may not be true, but it does not inform any element of the charges.

Thus, although Plaintiff can of course introduce other background evidence establishing Defendant's history and experience with Department of Defense contracting generally, Plaintiff cannot introduce evidence of or testimony related to the 1985 indictment and Defendant's 1990 conviction. The caveat to this conclusion is that, if Defendant opens the door via arguments regarding intent or his comprehension of the requirements he allegedly violated, then the interests of justice will likely compel this Court to conclude that the probative value of the 1990 conviction substantially outweighs any prejudicial effect and that the interests of justice favor admission of the conviction–provided, of course, that Plaintiff can establish that the 1990 conviction actually informs the requirements and conduct at issue today. Times change and requirements change so that knowledge of past Department of Defense practices may not necessarily indicate knowledge of current practices.

In light of the foregoing, Plaintiff cannot introduce evidence of or testimony related to the end uses of any part, the importance of up-to-date parts, or military testing. Logic places

6

these concerns outside this trial, and even if relevance existed, fairness precludes permitting such evidence. Plaintiff can, however, introduce evidence of and testimony related to date coding and part numbers, provided that evidence is not the 1985 indictment or the 1990 conviction. These issues are relevant to the charges involved in this case.

This leaves for discussion whether Plaintiff can introduce evidence of or testimony related to additional falsified traceability documents based on a *res gestae* or a Federal Rule of Evidence 404(b) analysis. The answer is no.

Relying on *Old Chief v. United States*, 519 U.S. 172 (1997), Plaintiff asserts that the additional documents are both relevant and necessary in order to establish a "rich narrative." This proffered explanation that the documents provide background evidence that tell the complete story of the charges actually brought rings somewhat hollow in part due to the sheer amount of the documents actually involved in the charges Defendant faces. The Sixth Circuit has explained that the background evidence exception

> is limited to that which "has a causal, temporal or spatial connection with the charged offense," such as evidence that "is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense."

*United States v. Lamar*, 466 F. App'x 495, 499 (6th Cir. 2012) (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). The additional documents can hardly be deemed as precursor acts or as necessary to complete the story of the charged offenses. *See Hardy*, 228 F.3d at 748 ("[B]ackground or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense."). The better argument is that the documents arise

7

from the same scheme and present some probative value other than merely impugning Defendant's character. And perhaps Plaintiff's best argument is that the additional documents are simply evidence of other acts under Federal Rule of Evidence 404(b)(2).

Regardless of the classification, at heart the additional documents constitute redundant piling on that would serve to create unfair prejudice and to risk confusing the issues in contravention of Federal Rules of Evidence protections. *See* Fed. R. Civ. P. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Moreover, the additional documents would essentially present more of the same, duplicating what the jury can find in the admissible documents directly related to the charges. This would constitute presenting needlessly cumulative evidence in contravention of Rule 403.

The evidence directly targeted by the charges brought sufficiently informs intent and preparation, as well as the scheme or plan. Plaintiff could have brought charges on the additional documents, but it did not. The additional documents are not now fairly admissible within the scope of the charges involved in this case under either a background evidence theory or under Rule 404(b). *See Hardy*, 228 F.3d at 750 (noting that the probative value of the other acts evidence must outweigh the risk of unfair prejudice). Even if Plaintiff can satisfy the various hurdles presented to otherwise obtain admissibility, a conclusion which this Court need not and does not reach, the Court concludes that Rule 403 considerations still bar the actual admission of the additional falsified traceability documents. Although a close call, the Court concludes that the availability of other means of proof–specifically, the documents involved in

the actual charges–and the risk that no limiting instruction could sufficiently cure the obvious unfair prejudice and risk of confusion that the additional documents present support preclusion.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion. (ECF No. 46.)

### B. Defendant's motion *in limine* (ECF No. 46)

Defendant argues in his motion *in limine* that the Court should preclude Plaintiff from introducing any photographs, depictions, testimonial descriptions, or identification of any of the installations or applications of the parts involved in this case. The crux of Defendant's argument is simple: the introduction of such irrelevant evidence would be more prejudicial than probative. Pointing to the crimes charged, Defendant posits that any evidence regarding the use, installation, or application of the parts involved is wholly irrelevant to the elements that Plaintiff must prove.

Again relying on *Old Chief v. United States*, 519 U.S. 172 (1997), Plaintiff counters that the targeted evidence is both relevant and necessary in order to establish a "rich narrative." But this argument again fails to account for the fact that the context that Plaintiff seeks to establish does not and cannot inform the actual elements of the crimes charged. Moreover, although Plaintiff asserts that the targeted evidence is relevant to establishing materiality, Plaintiff's materiality analysis would risk putting on trial that which is not at issue.

Plaintiff's materiality argument fails to salvage its evidentiary plans. The labels of QML/QPL items or Critical Application Item establishes materiality. Plaintiff is not required to establish that the Department of Defense has correctly designated the parts involved as critical applications; to do so would be asking the jury to consider the wisdom of the Government's

classification, which is both beyond the scope of the jury's duties here and outside the elements of the crimes involved in this case. Thus, the particular significance that the Department of Defense attaches to the nature and purpose of the parts is a tangential issue that can only confuse or arouse the jury. Why and how the requirements matter to the Department of Defense is not a triable issue.

The Court **GRANTS** Plaintiffs' motion. (ECF No. 46.)

### III. Conclusion

For the foregoing reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion *in limine* (ECF No. 45) and **GRANTS** Defendant's motion *in limine* (ECF No. 46). As with all *in limine* decisions, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE